*18 SUMMARY ORDER
UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
Plaintiff-appellant AHT Corporation (“AHT”) appeals from an April 4, 2003, judgment of the United States District Court for the Southern District of New York (Colleen McMahon, Judge), granting summary judgment to defendant-appellee Timothy Moses with regard to AHT’s fraud and negligent misrepresentation claims. Familiarity with the facts and procedural history is assumed. We affirm.
After a proposed merger between AHT and defendant BioShield Technologies (“BioShield”) collapsed, AHT brought this suit claiming fraud based on alleged false representations by Moses, BioShield’s president, chairman, and CEO, that Jacques Elfersy, a major BioShield shareholder, remained on the BioShield board of directors and supported the merger. On appeal, AHT argues that the district court erred in concluding that there were no genuine issues of material fact as to whether AHT’s reliance on Moses’s representations was justified, and that summary judgment against AHT on its fraud claim was therefore improper. Specifically, AHT asserts that it was not unreasonable as a matter of law for it to believe Moses’s representations.
“In assessing the reasonableness of a plaintiffs alleged reliance, we consider the entire context of the transaction, including factors such as its complexity and magnitude, the sophistication of the parties, and the content of any agreements between them.” Emergent Capital Inv. Mgmt., LLC v. Stonepath Group, Inc., 343 F.3d 189, 195 (2d Cir.2003) (citation omitted). Where the party claiming justifiable reliance “has the means of knowing, by the means of ordinary intelligence, the truth, or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations.” Hyosung Am., Inc. v. Sumagh Textile Co., Ltd., 137 F.3d 75, 78 (2d Cir.1998) (quoting Mallis v. Bankers Trust Co., 615 F.2d 68, 80-81 (2d Cir.1980)). Moreover, in the context of sophisticated business transactions, where one party “enjoy[s] access to critical information but fail[s] to take advantage of that access, New York courts are particularly disinclined to entertain claims of justifiable reliance.” Lazard Freres.& Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1541 (2d Cir.1997) (quoting Grumman Allied Indus., Inc. v. Rohr Indus., Inc., 748 F.2d 729, 737 (2d Cir.1984)).
Affording AHT all reasonable inferences, see Hyosung, 137 F.3d at 77, we agree with the district court that AHT was not entitled to rely on Moses’s representations without attempting to contact Elfersy or make independent inquiries regarding his disposition toward the merger. There is nothing in the record plausibly suggesting that AHT’s management was prevented by Moses, or anyone else at BioShield, from doing so. We find AHT’s contention that its reliance was justified to be particularly unavailing where it knew that Elfersy had resigned as a BioShield officer and had reason to suspect he was at odds with the company. See Banque Franco-Hellenique de Commerce International et Maritime, S.A. v. Christophides, 106 F.3d 22, 27 (2d Cir.1997) (“A heightened degree of diligence is required where the victim of fraud had hints of falsity.”).
We have carefully considered AHT’s remaining arguments and find them to be without merit.
*19 Accordingly, for the foregoing reasons, the judgment of the district court is hereby AFFIRMED.